1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ADAM CLAYTON POWELL,                        No.  2:19-cv-2459 DB P

12                    Plaintiff,

13         v.                                      ORDER

14    COUNTY OF SOLANO, et al.,

15                    Defendants.

16

17          Plaintiff is a former county and current state inmate proceeding pro se with a civil rights

18    action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that officers used excessive force against

19    him and denied him medical treatment.  Presently before the court is plaintiff's motion to proceed

20    in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).  For the reasons set

21    forth below the court will give plaintiff the option to proceed with the complaint as screened or

22    amend the complaint.

23                                        **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25    1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

1  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

4       The Civil Rights Act under which this action was filed provides as follows:

5            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
6            of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
7            or other proper proceeding for redress.

8  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

9  389.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

17  their employees under a theory of respondeat superior and, therefore, when a named defendant

18  holds a supervisorial position, the causal link between him and the claimed constitutional

19  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

20  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

21  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

22  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23  **II.    Allegations in the Complaint**

24       Plaintiff claims that the events giving rise to the claim occurred while he was confined in

25  the Solano County Jail.  (ECF No. 1 at 1.)  Plaintiff has identified the following defendants: (1)

26  correctional officer C. Cabrera; (2) correctional officer N. Paulin; (3) correctional sergeant

27  Wakabayashi; (4) the County of Solano; (5) the Solano County Sheriff Department; (6) mayor

28  B.K. Taylor; (7) Solano Sheriff Department Captain Doe; (8) Licensed Vocational Nurse (LVN)

1   Jane Doe 2 .  (Id. at 13-14.)  Plaintiff has also identified additional John Doe defendants "because

2   their true identities have yet to be ascertained."  (Id. at 15.)

3        Plaintiff alleges that on January 1, 2018 he was booked into the Solano County Jail.  (ECF

4   No. 1 at 8.)  On January 22, 2018, plaintiff was transported to court for criminal proceedings.

5   Plaintiff was traveling to court proceedings in which plaintiff was accused and eventually

6   acquitted of attempted murder of a police officer.  Plaintiff was restrained and led from the

7   vehicle by officers Paulin and Cabrera.  Plaintiff claims he was complying with the officers'

8   commands without objection or delay.  (Id. at 17.)  The officers pulled his legs out from under

9   him causing him to fall, lose consciousness, and suffer a concussion.  (Id. at 9.)  While plaintiff

10  was unconscious Paulin and Cabrera kicked him in the groin and dragged him across a cement

11  floor.

12       Plaintiff alleges that following the incident he was denied medical treatment for his

13  injuries.  Plaintiff claims this was not an isolated incident.  He further alleges that it was the result

14  of a Solano County policy.

15       Plaintiff claims officers tried to cover up the events by creating false or misleading

16  reports.  (Id. at 19.)  Plaintiff states that his "injuries were the reasonably foreseeable product of

17  the Solano County deputies (sic) establishment, maintenance and enforcement of a widespread

18  and enduring custom of physical abuse and terrorizing suspects who had been arrested after a[n]

19  alleged shooting at a law enforcement officer."  (Id. at 20.)  He alleges that "an atmosphere of

20  overt and passive racism, which was fostered and tolerated throughout the Solano Sheriff

21  Department and within the Fairfield division is particular, contributed substantially to the nature

22  and severity of the plaintiff's injuries."  (Id.)

23       **III.     Does Plaintiff State a Claim under § 1983?**

24            **A.  Eighth Amendment**

25       The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

26  Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

27  punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

28  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

1    Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

2    and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

3    by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

4         "Inmates who sue prison officials for injuries suffered while in custody may do so under

5    the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under

6    the Fourteenth Amendment's Due Process Clause." Castro v. County of Los Angeles, 833 F.3d

7    1060, 1067-68 (9th Cir. 2016) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).  In order to

8    prevail under either clause, "plaintiff must show that the prison officials acted with 'deliberate

9    indifference.'" Castro, 833 F.3d at 1068.

10        Plaintiff has alleged that officers violated his rights by using excessive force against him,

11   failing to protect him, and failing to give him medical attention after he was assaulted.

12                              **1.   Excessive Force**

13        "When prison officials use excessive force against prisoners, they violate the inmates'

14   Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298

15   F.3d 898, 903 (9th Cir. 2002). To establish a claim for excessive force, the plaintiff must show

16   that the officer applied the force maliciously and sadistically to cause harm rather than in a good-

17   faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

18        Plaintiff has alleged that officers Cabrera and Paulin caused him to fall and assaulted him

19   while he was restrained and complying with their orders.  Accordingly, the court finds that

20   plaintiff has alleged a cognizable excessive force claim against Cabrera and Paulin.

21                              **2.   Failure to Protect**

22        In Castro v. County of Los Angeles, the Ninth Circuit announced a new, objective

23   "deliberate indifference" standard for analyzing a pretrial detainee's "failure to protect" claim,

24   which no longer required proof of an officer's subjective awareness of the risk to which he was

25   exposing the detainee.  Castro, 833 F.3d at 1070-71.

26              [T]he elements of a pretrial detainee's Fourteenth Amendment
             failure-to-protect claim against an individual officer are:
27
             (1)  The defendant made an intentional decision with respect to the
28           conditions under which the plaintiff was confined;

                                      5

1

2

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

3

4

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

5

6

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro, 833 F.3d at 1071.

7

8

9

10

11

Plaintiff has stated that sergeant Wakabayashi failed to protect him.  However, based on the factual allegations it is unclear whether Wakabayashi observed the assault and failed to intervene or learned about the assault after it occurred and did nothing.  If plaintiff chooses to amend the complaint, he must indicate whether Wakabayashi could have intervened and failed to do so in order to state a failure to protect claim.

12

13

14

15

To the extent plaintiff claims other supervisory defendants failed to protect him, he has not stated sufficient facts to show that these defendants were involved with any intentional decisions regarding his incarceration.  Accordingly, the court finds that plaintiff's allegations are not sufficient to show that defendants failed to protect him.

16

### 3.  Deliberate Indifference to Serious Medical Needs

17

18

19

20

21

22

23

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

24

25

26

27

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

28

1  at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

2  objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

3  825, 834 (1994).

4        If a prisoner establishes the existence of a serious medical need, he must then show that

5  prisoner officials responded to the serious medical need with deliberate indifference.  See Farmer,

6  511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny,

7  delay, or intentionally interfere with medical treatment, or may be shown by the way in which

8  prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

9  Cir. 1988).

10        Before it can be said that a prisoner's civil rights have been abridged with regard to

11  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

12  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

13  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

14  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

15  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

16  Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

17  mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

18  the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

19        Finally, mere differences of opinion between a prisoner and prison medical staff or

20  between medical professionals as to the proper course of treatment for a medical condition do not

21  give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

22  332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

23  F.2d 1337, 1344 (9th Cir. 1981).

24        Plaintiff has alleged that he was not given medical treatment after officers assaulted him.

25  Plaintiff's complaint does not specify which individuals denied him medical treatment.  "To state

26  a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

27  Constitution or law of the United States was violated, and (2) that the alleged violation was

28  committed by a person acting under color of State law."  Long v. County of L.A., 442 F.3d 1178,

1   1185 (9th Cir. 2006) (citing <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)); <u>accord</u> <u>Karim-Panahi v.</u>

2   <u>L.A. Police Dep't</u>, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under

3   section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2)

4   deprived plaintiffs of rights secured by the Constitution or federal statutes" (citations omitted).).

5   Here, plaintiff has not stated a claim because he has not identified a person acting under color of

6   state law violated his rights by failing to provide him with medical treatment.  Stating up to fifty

7   Doe defendants failed to provide him with treatment is not sufficient to state a cognizable claim.

8       If plaintiff chooses to file an amended complaint, he should state facts showing specific

9   defendants were aware he had a serious medical need and failed to provide timely medical

10  treatment.

11      **B.  Retaliation**

12      "Within the prison context, a viable claim of First Amendment retaliation entails five

13  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

14  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

15  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

16  correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and

17  citations omitted).

18      Plaintiff has failed to allege facts showing that the adverse action taken against him was

19  because he engaged in some protected conduct, such as filing a grievance or pursuing a civil suit.

20  <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012); <u>see also</u> <u>Brodheim v. Cry</u>, 584 F.3d

21  1262, 1269 (9th Cir.2009) (prisoners have a First Amendment right to file grievances without

22  retaliation); <u>Schroeder v. McDonald</u>, 55 F.3d 454, 461 (9th Cir. 1995) (officials may not "punish

23  the prisoner for exercising his First Amendment right to pursue civil rights litigation in the

24  courts.") (citing <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985)).

25      Accordingly, plaintiff has failed to state a claim for retaliation in violation of his First

26  Amendment rights.  In any amended complaint plaintiff should allege facts showing that the

27  adverse action was taken in retaliation for his expression of his First Amendment rights.

28  ////

### C. Monell Claim

Plaintiff has alleged that Solano County is liable for his injuries because officers were not properly trained in several aspects.  (ECF No. 1 at 20-21.)

A municipality may not be held liable unless its policy or custom caused the constitutional injury.  See Leatherman v. Tarrant County Narc. Intell. and Coord. Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).  Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury.  Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

A section 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).  To state a claim, plaintiff's allegations must consist of more than mere "formulaic recitations of the existence of unlawful policies, customs, or habits."  J.K.G. v. County of San Diego, No. 11CV305 JLS (RBB), 2011 WL 5218253, at *8 (S.D. Cal. Nov. 2, 2011); Twombly, 550 U.S. at 555 (plaintiff must plead more than "labels and conclusions").

While plaintiff has stated a number of general allegations regarding various "policies," his complaint fails to sufficiently identify a specific policy that resulted in the alleged rights violations.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.)

Plaintiff must, at a minimum, identify the challenged policy, explain how it is deficient, and explain how it caused plaintiff harm.  See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).  Further, "[p]roof of a single incident of unconstitutional activity is not

1    sufficient to impose liability under <u>Monell</u> . . . ."  <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808,

2    823-24 (1985).  Plaintiff's allegations fail to sufficiently identify specific policies or explain how

3    those policies caused him harm.

4            Accordingly, the court finds that plaintiff has failed to state a claim against Solano

5    County.

6                        **D.  No Supervisory Liability**

7            Plaintiff has identified several supervisory defendants, (ECF No 1 at 13-14), but has not

8    included factual allegations indicating what actions these defendants took that violated his rights.

9            In order to state a claim under § 1983 plaintiff must allege facts showing an actual

10    connection or link between the actions of the defendants and the deprivation alleged to have been

11    suffered by plaintiff. <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>,

12    423 U.S. 362 (1976).  Supervisory personnel are generally not liable under § 1983 for the actions

13    of their employees under a theory of respondeat superior and, therefore, when a named defendant

14    holds a supervisorial position, the causal link between him and the claimed constitutional

15    violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

16    <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Liability may not be imposed on

17    supervisory personnel for the actions or omissions of their subordinates under the theory of

18    respondeat superior. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77 (2009); <u>Simmons v. Navajo County,</u>

19    <u>Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235

20    (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held

21    liable only if they "participated in or directed the violations, or knew of the violations and failed

22    to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>,

23    652 F.3d 1202, 1205-06 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009);

24    <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007);

25    <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff cannot impose liability on the

26    supervisory personnel based solely on their positions. In order to state a claim against these

27    defendants, plaintiff must state facts showing that they participated in the violations or knew of

28    the violations and failed to act to prevent them.

1          **E.  Doe Defendants**

2          Plaintiff has identified fifty Doe defendants.  (ECF No. 1 at 15.)  However, he has failed

3     to state specifically what specific actions by these defendants violated his rights.

4          Under § 1983, plaintiff must demonstrate that each named defendant personally

5     participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

6     This requires the presentation of factual allegations sufficient to state a plausible claim for relief.

7     Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th

8     Cir. 2009).  The statute clearly requires that there be an actual connection or link between the

9     actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See

10    Monell, 436 U.S. 692.  Plaintiff has failed to state facts showing how the Doe defendants violated

11    his rights.  In order to state a cognizable claim, plaintiff must set forth specific factual allegations

12    demonstrating how each defendant violated his rights.  See Leer v. Murphy, 844 F.2d 628, 634

13    (9th Cir. 1988).

14         The use of John Does in pleading practice is generally disfavored – but it is not prohibited.

15    See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d

16    1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).

17    Eventually plaintiff may be afforded an opportunity for limited, preliminary discovery to identify

18    the names of the John Does "unless it is clear that discovery would not uncover their identities,"

19    Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other

20    possibility of finding their names.  Since by this order plaintiff will be granted the option to file

21    an amended complaint, he must use the time given to amend to do everything he can to supply the

22    names of the Doe defendants without further assistance from the court.  He may seek extensions

23    of time for the filing of an amended complaint for that purpose if necessary.

24         Further, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use

25    "Doe" designations to refer to defendants whose names are unknown; however, he must number

26    them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers

27    to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the

28    defendants involved or list the Doe defendants involved and describe what each did to violate his

1  rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts

2  that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y."  Alexander v.

3  Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

4        In any amended complaint, plaintiff must state specific facts indicating what each Doe

5  defendant did that he claims violated his rights.

6           **F.  Conspiracy**

7        Plaintiff has also alleged that the "individual defendants acted and conspired together to

8  conceal the true facts and events surrounding their unconscionably violent conduct."  (ECF No. 1

9  at 18.)

10       In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege

11 [some] facts to support the existence of a conspiracy among the defendants."  Buckey v. County

12 of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police

13 Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or

14 acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes

15 v. California, 497 F.2d 197, 200 (9th Cir. 1974).

16       A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of

17 the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001)

18 (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir.

19 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450

20 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d

21 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the

22 exact details of the plan, but each participant must at least share the common objective of the

23 conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at

24 1541).

25       Section 1985 proscribes conspiracies to interfere with an individual's civil rights.  To state

26 a cause of action under §1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person

27 or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators

28 in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation of any

1   right or privilege of a citizen of the United States.  Gillispie v. Civiletti, 629 F.2d 637, 641 (9th

2   Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Section 1985 applies only where

3   there is a racial or other class-based discriminatory animus behind the conspirators' actions.

4   Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

5          The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support

6   the allegation that defendants conspired together.  Karim-Panahi, 839 F.2d at 626.  A mere

7   allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C.

8   § 1985.  Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

9          The complaint states conclusively that defendants conspired.  However, it fails to contain

10  sufficiently specific facts to state a cognizable conspiracy claim.  To state a claim plaintiff must

11  plead facts showing which defendants conspired, how they conspired and how the conspiracy led

12  to a deprivation of his constitutional rights.  See Harris v. Roderick, 126 F.3d 1189, 1196 (9th

13  Cir. 1997).

14                              **AMENDING THE COMPLAINT**

15         As stated above, the court has determined that the complaint states a claim against Cabrera

16  and Paulin, but fails to state a claim against any other defendant.  Accordingly, plaintiff will be

17  given the opportunity to proceed with the complaint as screened or amend the complaint.  Should

18  plaintiff choose to file an amended complaint, he must demonstrate how the conditions about

19  which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-

20  71.  Also, the complaint must allege in specific terms how each named defendant is involved.

21  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability

22  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

23  action and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations

25  are not sufficient."  Ivey, 673 F.2d at 268.

26         Plaintiff is advised that in an amended complaint he must clearly identify each defendant

27  and the action that defendant took that violated his constitutional rights.  The court is not required

28  to review exhibits to determine what plaintiff's charging allegations are as to each named

1   defendant.  Each claim must be included in the body of the complaint.  The charging allegations

2   must be set forth in the amended complaint, so defendants have fair notice of plaintiff's claims.

3   That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff

4   should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

5        Any amended complaint must show the federal court has jurisdiction, the action is brought

6   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

7   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

8   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9   Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

10  he does an act, participates in another's act or omits to perform an act he is legally required to do

11  that causes the alleged deprivation).

12       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

13  R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

14  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

15  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

16       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

17  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

18  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

19  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

20  set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema

21  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

22  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

23       Plaintiff is informed that the court cannot refer to a prior pleading in order to make his

24  amended complaint complete.  An amended complaint must be complete in itself without

25  reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all

26  prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint,

27  each claim and the involvement of each defendant must be sufficiently alleged.

28  ////

14

1    By signing an amended complaint, plaintiff certifies he has made reasonable

2  inquiry and has evidentiary support for his allegations, and for violation of this rule the court

3  may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4                                **CONCLUSION**

5    For the reasons set forth above, IT IS HEREBY ORDERED that:

6    1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

7    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

8        is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

9        1915(b)(1).  All fees shall be collected and paid in accordance with this court's order

10       to the Director of the California Department of Corrections and Rehabilitation filed

11       concurrently herewith.

12   3.  Plaintiff's complaint (ECF No. 1) states a potentially cognizable claim against

13       defendants Cabrera and Paulin as set forth in Section III above.  The complaint fails to

14       state any additional claims.  Accordingly, plaintiff will be given the option to proceed

15       with the complaint as screened or amend the complaint.

16   4.  Within sixty (60) days of the date of this order, plaintiff shall fill out and return the

17       attached form indicating how he would like to proceed in this action.

18   5.  Plaintiff is warned that his failure to comply with this order will result in a

19       recommendation that this action be dismissed.

20  Dated:  April 20, 2020

21

22

23                              DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE
24

25  DB:12
26  DB:1/Orders/Prisoner/Civil.Rights/powe2459.scrn

27

28

                                      15

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM CLAYTON POWELL, | No.  2:19-cv-2459 DB P |
| Plaintiff, | |
| v. | <u>PLAINTIFF'S NOTICE ON HOW TO PROCEED</u> |
| COUNTY OF SOLANO, et al., | |
| Defendants. | |

Check one:

_____    Plaintiff wants to proceed immediately on his claims against defendants Cabrera and

Paulin.  Plaintiff understands that by going forward without amending the complaint he

is voluntarily dismissing all other claims and defendants.


_____    Plaintiff wants to amend the complaint.


DATED:_____


_____
Adam Clayton Powell
Plaintiff pro se