1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ADAM CLAYTON POWELL,                     No.  2:19-cv-2459 JAM DB P

12                 Plaintiff,

13          v.                                ORDER

14   COUNTY OF SOLANO, et al.,

15                 Defendants.

16

17          Plaintiff is a former county and current state inmate proceeding pro se with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that officers used excessive force against

19   him and denied him medical treatment.  Presently before the court is plaintiff's motion to reopen

20   discovery.  (ECF No. 44.)

21   **I.       Plaintiff's Motion to Reopen Discovery**

22          In support of his motion to reopen discovery, plaintiff argues that he retained an attorney

23   to assist him in 2019.  The attorney assured plaintiff he would prepare and file a complaint.  Two

24   months later plaintiff contacted the attorney and was told the attorney could no longer represent

25   him because the Prison Litigation Reform Act (PLRA) "would limit what he could receive."

26   (ECF No. 44 at 3.)

27          Plaintiff then found a fellow inmate to assist him in filing the complaint.  After the

28   complaint was filed, the inmate assisting him told plaintiff the next step was to serve requests for

                                        1

production of documents.  (Id.)  Thereafter, the inmate assisting plaintiff was released from custody and plaintiff was unable to reach him following his release from custody.

Plaintiff sought an extension of time to serve requests for production of documents in October 2020.  (ECF No. 17.)  The motion was denied without prejudice.  (ECF No. 20.)  The order denying his request stated any future motion should indicate how much additional time plaintiff sought and explain why additional time was necessary.  (Id. at 2.)  Plaintiff submitted a second motion for an extension of time explaining that the COVID-19 pandemic prevented him from completing discovery.  (ECF No. 21.)  The undersigned extended the deadline for conducting discovery to January 29, 2021.  (ECF No. 22.)

Plaintiff states that he did not realize that he was required to resend his requests for production.  (ECF No. 44 at 4.)  He waited for a response and when he did not receive any he "realized he needed to serve the requests for production of documents a second time."  (Id.)

Plaintiff states he seeks to reopen discovery so that he can depose defendants.  (ECF No. 44 at 7.)

## II.      Defendants' Opposition

Defendants oppose plaintiff's request to reopen discovery.  (ECF No. 46.)  They argue that plaintiff has not shown good cause for modification of the court's scheduling orders and they will suffer prejudice if the motion is granted.  (Id.)

## III.     Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides that, "[a] schedule may be modified only for good cause and with the judge's consent."  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

In this district judges use a three-step inquiry to determine whether the party has acted diligently in the context of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order;

(2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. 1999) (citations omitted).

## IV.    Analysis

Plaintiff claims "the Court was completely shut down in 2020 due to COVID-19." (ECF No. 44 at 6.) The docket reflects that this court was not "completely shut down" at any point in 2020. Approximately seven orders were issued by the court in 2020, including at least one order modifying the discovery and scheduling order. (See ECF Nos. 6, 7, 12, 15, 20, 22, 23.) Thus, plaintiff's argument that he was unable to seek an extension of the discovery deadline due to his claim that the court was closed in 2020, is contradicted by the record.

"Rule 16's 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 174-75 (S.D. New York Dec. 8, 2014) (citations and quotations omitted).

It is clear from the record that plaintiff was aware he needed to request discovery from defendants for well over a year. (ECF No. 44 at 3-4.) Plaintiff filed several motions seeking to modify the discovery and scheduling order or reopen discovery between October 2020 and March 2021. (ECF Nos. 17, 21, 28, 31.) However, plaintiff has not explained why he waited nine months between the last denial in April 2021 and the filing of the instant motion to reopen discovery in, January 2022. Accordingly, the court finds he has not shown he acted diligently in seeking to reopen discovery. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (upholding denial of request to modify scheduling order because four-month delay in seeking modification of scheduling order failed to show party acted diligently in seeking the modification).

////

3

If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted.  Johnson, 975 F.2d at 609.  Because the court has found that plaintiff was not diligent in seeking an order to reopen discovery, the motion will be denied.

**V.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to reopen discovery (ECF No. 44) is denied.

Dated:  February 15, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/powe2459.reopen.disc